Filed 11/18/22  Movrich v. Superior Court CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TIFFANY MOVRICH,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Respondent;<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Real Party in Interest. | A166552<br><br>(Alameda County Super. Ct. No. 22-CR-004142) |

BY THE COURT[1]:

In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.)  Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral

---

[1] Before Richman, Acting P.J., Miller, J., and Van Aken, J.*

    * Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240– 1244.)

Pursuant to section 170.6 of the Code of Civil Procedure, petitioner filed a written peremptory challenge to Judge C. Don Clay. The record reflects Judge Clay denied the challenge as untimely because the court clerk stamped the challenge as having been filed November 1, 2022, which was fewer than five days before the November 4, 2022 hearing on petitioner's Penal Code section 995 motion. (Code Civ. Proc. § 170.6, subd. (a)(2) [judge known at least 10 days before hearing must be challenged at least five days before hearing].) Invited to respond to the petition, the Alameda County District Attorney concedes the November 1st file stamp was clerical error and petitioner's challenge should have been stamped as timely filed on October 28, 2022. Because petitioner's challenge was timely and in proper form, respondent was required to assign a different judge to hear petitioner's section 995 motion. (Code Civ. Proc. § 170.6, subd. (a)(4).)

Therefore, let a peremptory writ of mandate issue directing respondent superior court to (1) set aside and vacate its November 4, 2022 order denying petitioner's peremptory challenge of Judge C. Don Clay as untimely and (2) enter a new order granting the peremptory challenge and assigning the above-captioned case to a different judge to rehear petitioner's section 995 motion.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The remittitur will issue immediately upon the finality

2

of this opinion as to this court, should the parties so stipulate. (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)